UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ELIZABETH MELENDEZ,

                                                  Plaintiff,

-against-

THE DEPARTMENT OF HOMELESS
SERVICES OF THE CITY OF NEW YORK,

                                                  Defendant.

**DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT**

14 Civ. 6024 (AT) (HBP)

------------------------------------------------------------ x

        Defendant the Department of Homeless Services of the City of New York ("DHS") by its attorney, ZACHARY W. CARTER, Corporation Counsel of the City of New York, as and for its Answer to the Second Amended Complaint ("Complaint") herein, respectfully alleges as follows:

        1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction as set forth therein.

        3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to set forth the basis of jurisdiction as set forth therein.

        4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to set forth the basis of venue as set forth therein.

        5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff apparently filed an EEOC charge number and respectfully refers the Court to the right to sue letter referred to therein for the contents thereof.

6. Paragraph "6" of the Complaint contains a statement to which no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that DHS is an agency of the City of New York with offices at 33 Beaver Street, New York, New York 10004.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Admits the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admits that DHS Director of Personnel Denita Williams sent a letter to plaintiff dated September 17, 2009, notifying plaintiff that she was being assigned to the 30th Street Shelter ("30th Street") effective September 24, 2009, and respectfully refers the Court to the letter referred to therein for the contents thereof.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that 30th Street provides services, including temporary-housing assistance, to single, adult men.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that when plaintiff began working at 30th Street, she reported to another individual who reported to Julie Harrison, then the Director of Assessment for 30th Street.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that one year plaintiff wore a rabbit-ear hat to work on Halloween.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that Plaintiff violated the dress code multiple times.

22. Denies the allegations set forth in paragraph "22" of the Complaint, and respectfully refers the Court to the memorandum referred to therein for the contents thereof.

23. Denies the allegations set forth in the first sentence of paragraph "23" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint, except denies knowledge or information sufficient to support a belief as to the truth of the allegations regarding the alleged actions of a shelter client.

31. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in the first sentence of paragraph "31" of the Complaint, and denies the allegations set forth in the second sentence of paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint, except admits that in February 2010, Ms. Harrison sent plaintiff a memorandum regarding a client's complaint that plaintiff discriminated against him, and respectfully refers the Court to the memorandum referred to therein for the contents thereof.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Yvonne Ballard and Julie Harrison held a meeting with plaintiff in which they addressed several issues with plaintiff's work performance, including plaintiff's time and leave. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the footnote of paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint, except admits that on November 4, 2011 there was an altercation between plaintiff and a client.

39. Denies the allegations set forth in paragraph "39" of the Complaint, except admits that Ms. Harrison transferred to another floor in October 2011.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "41" of the Complaint, and denies the allegations set forth in the second sentence of paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint, except admits that Ledean Burnham became Director of Assessment some time after Ms. Harrison transferred to another floor.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in the first sentence of paragraph "47" of the Complaint, except admits that on March 28, 2014, plaintiff was suspended for fifteen days without pay.  Denies the allegations set forth in the second sentence of paragraph "47" of the Complaint, except admits that Ms. Burnham called DHS Police to escort plaintiff out of the building to effect plaintiff's suspension.  Denies the allegations set forth in the third sentence of paragraph "47" of the Complaint.  Denies the allegations set forth in the fourth sentence of paragraph "47" of the Complaint, except admits that plaintiff's suspension was reduced to eight days without pay.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint, except admits that Ms. Burnham spoke to plaintiff about plaintiff's unprofessional behavior more than once, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" that plaintiff was called a name by a shelter client on or about December 29, 2012.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint, except admits that Ms. Burnham spoke to plaintiff about plaintiff wearing sneakers in violation of the dress code policy.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in the first sentence of paragraph "54" of the Complaint, and denies the allegations set forth in the second, third and fourth sentences of paragraph "54" of the Complaint.

55. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in the first sentence of paragraph "55" of the Complaint, except admits that plaintiff reported finding a sign stating "English Only" at her desk. Denies the allegations set forth in the second sentence of paragraph "55" of the Complaint.

56. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in the first sentence of paragraph "57" of the Complaint, except admits that on January 25, 2013, Ms. Burnham issued plaintiff a

conference memorandum regarding her unprofessional behavior and that multiple clients submitted complaints about plaintiff. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in the second sentence of paragraph "57" of the Complaint, and respectfully refers the Court to the letter referred to therein for the contents thereof.

58. Denies the allegations set forth in paragraph "58" of the Complaint, except admits that in March 2013, Ms. Burnham issued plaintiff conference memoranda regarding plaintiff's insubordination and lack of professionalism.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint, except denies knowledge or information sufficient to support a belief as to the truth of the allegations regarding what plaintiff had hoped.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in the first sentence of paragraph "63" of the Complaint. Denies the allegations set forth in the second and third sentences of paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint, except denies that plaintiff suffered "job-related stress."

67. In response to the allegations set forth in paragraph "67" of the Complaint, admits that in August 2014 there was an opening for a Caseworker position in the DHS central office and respectfully refers the Court to the email referred to therein for the contents thereof.

68. Denies knowledge or information sufficient to support a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint, except admits that plaintiff transferred to the DHS central office.

70. Denies the allegations set forth in paragraph "70" of the Complaint, except admits that plaintiff transferred to the DHS central office.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations of paragraph "72" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "71" above as if fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the Complaint and respectfully refers the Court to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. for the contents thereof.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. In response to the allegations of paragraph "77" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "76" above as if fully set forth herein.

78. Denies the allegations set forth in paragraph "78" of the Complaint and respectfully refers the Court to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* for the contents thereof.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations of paragraph "82" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "81" above as if fully set forth herein.

83. Denies the allegations set forth in paragraph "83" of the Complaint and respectfully refers the Court to the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* for the contents thereof.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations of paragraph "87" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "86" above as if fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the Complaint and respectfully refers the Court to the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* for the contents thereof.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

92. The Complaint fails to state a claim in whole or in part upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

93. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

94. At all times relevant to the acts alleged in the Complaint, defendant acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to plaintiff were undertaken for legitimate, non-discriminatory business reasons.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

95. Any damages sustained by plaintiff were caused by plaintiff's own conduct.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

96. The Complaint may be barred, in whole or part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

97. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by defendant to its employees or to otherwise avoid harm.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

98. Plaintiff's claims should be barred in whole or in part because the conduct complained of consisted of nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

99. The Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, res judicata, collateral estoppel, judicial estoppel, waiver, or any combination of these doctrines.

**WHEREFORE**, defendant respectfully requests that the Second Amended Complaint be dismissed in its entirety and that the relief sought therein be denied in all respects, together with such and further relief as the Court deems just and proper.

Dated:   New York New York
         August 25, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendant
                                    100 Church Street, Room 2-184
                                    New York, New York  10007
                                    T:  (212) 356-2445


                            By:        /s/ *Kristen McIntosh*
                                    Kristen McIntosh
                                    Assistant Corporation Counsel


TO:   Walker G. Harman, Jr.
      Edgar M. Rivera
      THE HARMAN FIRM, P.C.
      Attorneys for Plaintiff
      1776 Broadway, Suite 2030
      New York, NY 10019

Docket No. 14 Civ. 6024 (AT)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ELIZABETH MELENDEZ,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE DEPARTMENT OF HOMELESS SERVICES OF THE CITY OF NEW YORK,<br><br>                    Defendants. |
| DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT |
| ZACHARY W. CARTER<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendants<br>100 Church Street, Room 2-184<br>*New York, New York 10007*<br>*Of Counsel: Kristen McIntosh*<br>Tel: (212) 356-2445<br>Matter No. 2015-026212 |
| *Due and timely service is hereby admitted.*<br><br>New York, New York ........................................., 2016<br><br>Signed ................................................................<br><br>Attorney for ........................................................ |